# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JESSE K. PRATHER,** | § | |
| **TDCJ #1343046,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action** |
| | § | **No. SA-10-CA-232-XR (NN)** |
| **STEPHANIE M. BRADLEY,** | § | |
| **EVA VILLAREAL,** | § | |
| **BECKY PRICE,** | § | |
| **JOHN WHITMIRE,** | § | |
| **SANDY MURPHY,** | § | |
| **ROBERT EASON,** | § | |
| **JUAN GARCIA,** | § | |
| **BARBRA TREVINO,** | § | |
| **JEFFERY MORTON,** | § | |
| **JOEL BARBOSA,** | § | |
| **CAROL MONROE,** | § | |
| **D'ANN MAYFIELD,** | § | |
| **ANITA J. PEREZ,** | § | |
| **DARREN B. WALLACE,** | § | |
| **MIGUEL MARTINEZ,** | § | |
| **MARIA RAMIREZ,** | § | |
| **F/N/U CANTU,** | § | |
| **NEAL CAMDEN, JR.,** | § | |
| **F/N/U DURAN (Male),** | § | |
| **F/N/U DURAN (Female),** | § | |
| **R. LOPEZ,** | § | |
| **J. RIOS,** | § | |
| **BILLY D. CARR,** | § | |
| **FELIX ZAPPTA,** | § | |
| **DONNIE TODD,** | § | |
| **STEVEN GREEN,** | § | |
| **F/N/U MENDEZ,** | § | |
| **F/N/U ALFARO,** | § | |
| | § | |
| **Defendants** | § | |

## <u>SHOW  CAUSE  ORDER</u>

Before the Court is Plaintiff Jesse K. Prather's, motion for temporary restraining order and

preliminary injunction, which the Court also construes as a 42 U.S.C. § 1983 Civil Rights Complaint.

Plaintiff contends he was assaulted in the Connally Unit by an inmate who is a member of a gang, the Aryan Brotherhood of Texas.  Plaintiff states he was returning to his cell in administrative segregation under escort.  The assaulting inmate was hiding in Plaintiff's cell.  When the cell door was opened, the inmate attacked Plaintiff.  Plaintiff asserts the inmate then told Plaintiff in front of guards that there would be future attacks against Plaintiff's life by that gang.  At a hearing before a unit classification committed on February 9, 2010, Defendant Joel Barbosa, chairman of that committee, laughed and stated Plaintiff staged the assault to get paid.  Defendant Barbosa also stated he was recommending a unit transfer be denied, since Plaintiff was already assigned to administrative segregation.  However, the unit classification committee recommended a unit transfer.  The state classification committee, which ultimately decides whether an inmate may transfer to another unit, denied the unit transfer.

Plaintiff contends Defendants are deliberately indifferent to his safety.  He states there are members of the same gang as Plaintiff's assailant housed in the administrative segregation area where Plaintiff is housed.  He claims he has heard the gang members have stated there are TDCJ guards who will assist the gang.  Plaintiff asserts the transfer recommendation by the unit classification committee was for appearances and for appeasement purposes only.  He contends Defendant Barbosa altered reports to reflect the opposite of what actually occurred.  Plaintiff contends moving him around from cell to cell only delays, but does not prevent, future attacks.  Plaintiff seeks to have Defendants protect him.

Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis

complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988).

*Plaintiff's Complaint is subject to dismissal as frivolous and for failure to state a claim for the following reasons*:

1.      Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citation omitted); *see Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. at 828. An official is deliberately indifferent to a substantial risk of harm to an inmate if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk

- 3 -

of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir.2006).

For most of the Defendants, Plaintiff fails to allege facts regarding his claim. Plaintiff does not allege how each Defendant knows or has drawn an inference that there is a substantial risk of serous harm to Plaintiff, and he does not allege what action or inaction each Defendant took. Plaintiff does not allege facts that would show Defendants were deliberately indifferent to a risk of serious harm to Plaintiff. Plaintiff alleges he has heard from unknown sources that gang members state they are recruiting TDCJ guards to help them attack Plaintiff, but Plaintiff's assertion that TDCJ guards are working with gang members in that regard is speculative and is unsupported by fact allegations. Plaintiff asserts Defendant Barbosa altered a report to make it state the opposite of what occurred. Plaintiff does not explain what report he is complaining about, and he does not allege what was stated in the report. Plaintiff contends Defendant Bradley should have superseded Defendant Barbosa's decision, but it is not clear what Plaintiff means. Although Plaintiff asserts Defendant Barbosa believed Plaintiff orchestrated the attack, Defendant Barbosa was part of the unit classification committee that recommended a unit transfer. It is not clear what decision of Defendant Barbosa Plaintiff is claiming Defendant Bradley should have done something about, and it is not clear what Defendant Bradley could have done. Moreover, Plaintiff has not allege facts showing Defendant Bradley was deliberately indifferent to a substantial risk of serious harm to Plaintiff.

There were unit classification committee hearings, and the committee recommended Plaintiff be transferred. Plaintiff alleges the recommendation was done for appearances, but that is a conclusory allegation. The state classification committee declined to transfer Plaintiff, but Plaintiff does not allege facts showing deliberate indifference. Instead, Plaintiff simply disagrees with the

decision not to transfer him.  However, that is not a basis for a § 1983 claim.  If, after considering Plaintiff's assertions and after an investigation if one is necessary, Defendants do not believe there is a substantial risk of serious harm to Plaintiff, then they are not deliberately indifferent.  Also, Plaintiff appears to state he is being moved from cell to cell as a precautionary measure.  Even though Plaintiff disagrees with the effectiveness of that procedure, the fact that safety procedures have been implemented demonstrates officials are not deliberately indifferent to Plaintiff's safety.  Plaintiff does not allege how his constitutional rights are being violated.  He does not allege how he is not being protected against a substantial risk of serious harm.

Moreover, in a § 1983 civil rights action, a plaintiff must allege facts that would show the defendants were personally involved in the actions he complains of, or were responsible for the policy or custom giving rise to the constitutional deprivation.  *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981).  An employer is not liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because he employs a tortfeasor.  *Id.* at 691.

2.     The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a civil rights complaint must allege an injury.  *See O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).  Plaintiff fails to allege how he has been harmed or injured by any violation of his constitutional rights and therefore fails to state a basis for a civil rights claim.

3.     To the extent Plaintiff seeks a transfer to another facility, the Complaint is frivolous and fails to state a claim for relief.  A prisoner's classification by prison authorities does not deprive an inmate

of a constitutionally recognized liberty interest, and therefore is not an arguable basis for a § 1983 action.  *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (*citing Sandin v. Conner*, 515 U.S. 472, 483-87, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)).  "[A]n inmate's disagreement with a classification is insufficient to establish a constitutional violation" and therefore fails to state a basis for a civil rights claim.  *Neals v. Norwood*, 59 F.3d 530, 532-33 (5th Cir. 1995).

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible.  *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989).  **Therefore, within twenty (21) days Plaintiff shall show cause why his civil rights Complaint should not be dismissed as frivolous and for failure to state a claim by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies.  The Clerk of Court shall provide a proper § 1983 form to Plaintiff**.  Alternatively, Plaintiff may request voluntary dismissal of this case.  Fed. R. Civ. P. 41(a)(1).  If Plaintiff fails to respond to this Order, his Petition will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b).  *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**IT IS SO ORDERED**.

**SIGNED** on April 5, 2010.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE